_____FILED _____ENTERED
_____LODGED _____RECEIVED

DEC 1 7 1999

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TIMOTHY BOWEN                      :
                                   :
v.                                 :   Civil Action WMN-98-3424
                                   :
KIMBERLY A. BETTS                  :

**MEMORANDUM**

    Before the Court are the objections filed by Movants, Baltimore City Police Department, the City Solicitor's Office, and Assistant City Solicitor Layla Said, to Magistrate Judge Susan Gauvey's Order granting in part and denying in part the Baltimore City Police Department's Motion for Reconsideration (Paper No. 38). Upon a review of the Order, objections, and applicable case law, the Court determines that no hearing is necessary and that Movants' objections will be overruled.

    On June 23, 1999, Magistrate Judge Gauvey granted in part and denied in part the Police Department's Motion for Reconsideration of the Court's Order ruling on the Department's Motion for Protective Order. The Department filed a Motion for Protective Order on April 13, 1999, requesting that Plaintiff not be permitted to depose an agent of the Baltimore City Police Department with respect to the Department investigatory records of Defendant Officer Kimberly Betts. In a May 10, 1999 Order, Magistrate Judge Gauvey denied the Motion for a Protective Order. Judge Gauvey further ordered the Department to pay Plaintiff's reasonable counsel fees in opposing the motion because of the Department's "lack of any support for its position." May 10, 1999

Order at 5.  The reasonable counsel fees amounted to $380.

After a thorough discussion and analysis, Judge Gauvey denied, in large part, the Department's motion to reconsider the denial of the motion for protective order.  With the exception of two files which were open and on-going investigations, Judge Gauvey continued to hold that disclosure was appropriate.  The Court also denied the Department's request for reconsideration of the award of expenses, reasoning that the award serves as a "deterrent to inadequately researched and supported motions."  June 23, 1999 Order at 10.

When a party files objections to a magistrate judge's order pursuant to Federal Rule of Civil Procedure 72(a), the district court shall consider such objections and shall only modify or set aside any portion of the magistrate judge's order which is "found to be clearly erroneous or contrary to law."  Judicial economy dictates such a limited review of a magistrate order:

> limiting objections to rulings by magistrate judges on nondispositive matters to arguments that the orders are clearly erroneous or contrary to law is not only mandated by the statute and the rule but also by wise policy. Many of these orders are of very limited importance, and permitting litigants regularly to impose their dissatisfaction with the magistrate judge's decision on the district judge would create an undue risk of wasteful activity that could frustrate the purposes of the [Federal Magistrate Act].

12 Wright, C. et al., Federal Practice and Procedure § 3069 (2d ed. 1997).

The Department now argues that the award of costs should not have been made because the discovery dispute over the investigatory files was genuine and, therefore, the Department was "substantially justified" in making the motion for protective order as is required by Federal Rule of Civil Procedure 37(a)(4). Substantial justification exists if "reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule." 8A Wright, C. et al., Federal Practice and Procedure § 2288 (2d ed. 1994).

The undersigned is unable to conclude that the magistrate judge's determination that the Motion for Protective Order was without substantial justification was either clearly erroneous or contrary to law. The magistrate could justifiably conclude that the almost complete lack of legal or factual support in the Department's motion and its failure to even review the files that it claimed were privileged suggested that the dispute as to discovery compliance was not genuine.

The Department's argument that the motion for reconsideration was granted in part does not relieve it of its obligation to pay, jointly with the City Solicitor's Office and Assistant City Solicitor Layla Said, the Plaintiff's reasonable expenses of $380. The magistrate may exercise her discretion to apportion reasonable expenses when a motion is denied in part and granted in part. Rule 37(a)(4)(C). In the present case, the Motion for Protective Order was initially denied, and upon reconsideration, was granted

only in small measure.

Finally, the Court questions why the Department, in support of its objections, observes that Plaintiff did not request that the Department pay its reasonable expenses. Rule 37(a)(4) does not contain any such requirement.

For the foregoing reasons, the Court overrules the Department's objections to Magistrate Judge Gauvey's June 23, 1999 Order. A separate order will issue.

_____
William M. Nickerson
United States District Judge

Dated: December 17, 1999

4